**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 11, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMOND DEAN BROWN,

Defendant-Appellant.

No. 06-8011

(D. of Wyo.)

(D.C. No. 00-CR-59-WFD)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

This case results from our disposition of *United States v. Brown*, 400 F.3d 1242 (10th Cir. 2005) ("*Brown I*"). In that case, we affirmed the conviction of defendant-appellant Raymond D. Brown for violating several federal firearms laws, but reversed his sentence based on the failure of the district court to resolve

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Brown's objections to his presentence report. At resentencing, the district court significantly reduced Brown's sentence, reducing it by 45 months.

In this appeal, Brown claims several errors in the district court's re-sentencing. Brown contends that the district court erred in (1) failing to conduct a de novo resentencing on remand, (2) refusing to grant Brown an adjustment for his acceptance of responsibility, (3) adding criminal history points for state charges, which involved the same conduct as the federal charges, and (4) failing to give Brown credit for time served in federal custody in calculating his sentence.

We AFFIRM Brown's sentence and DISMISS this case.

## I. Background

In July of 2002, Raymond D. Brown was convicted after a four-day jury trial of (1) being a felon in possession of a firearm, (2) unlawfully possessing a machine gun, and (3) carrying a machine gun in relation to a drug trafficking crime, respectively in violation of 18 U.S.C. §§ 922, 924, and 18 U.S.C. § 2. After considering the applicable sentencing guidelines and presentence report (PSR), the district court sentenced Brown to 75 months[1] imprisonment for the

_____

[1] The district court initially sentenced him to 115 months imprisonment for these counts but granted Brown a 45-month credit for time already served in state custody.

first two counts and 360 months[2] imprisonment for the third count, to be served consecutively.

Brown subsequently appealed his conviction and sentence to this court. We affirmed Brown's conviction, but reversed and remanded the case for resentencing. *Brown*, 400 F.3d at 1255. We held,

> Mr. Brown's final contention is the district court erred, under Fed. R. Crim. P. 32(i)(3), in accepting the presentence report's assessment of his criminal record without ruling on his objections that some of his prior charges had in fact been dismissed. The sentencing transcript nowhere shows that the district court weighed these objections or sought further hearings regarding them. The government agrees the district court should have resolved Mr. Brown's objections before sentencing him and that this case should be remanded for resentencing. Since the disputed charges could result in a reduction of Mr. Brown's criminal history category and thus his sentence, we agree that remand is appropriate.
>
> For the reasons stated above, we AFFIRM Mr. Brown's conviction but REVERSE and REMAND the case for sentencing.

*Id.*

On remand, Brown filed numerous motions both relating to sentencing and to his conviction in district court. Brown, among other things, sought to vacate his conviction for lack of competency and for violations of *Kastigar v. United States,* 406 U.S. 441 (1972)*,* the double jeopardy clause, the Fifth Amendment right against self-incrimination, and the Sixth Amendment right to counsel. The district court addressed Brown's competency claims and ultimately rejected them.

---

[2] This sentence is statutorily mandated under 18 U.S.C. § 924(c)(1)(B)(ii). As such, the Guidelines' calculations only related to the first two counts.

In dismissing Brown's other motions challenging his conviction, the district court wrote that non-sentencing motions are not properly raised at a re-sentencing hearing, which was the purpose of the remand.

In the same order, the district court held that Brown's request for a de novo sentencing, including a new PSR, was "untimely" considering this court's "very specific directions to reconsider Mr. Brown's objections to his criminal history before imposing a sentence." Aplt. App. vol. I, at 109.

At Brown's re-sentencing hearing the next day, the district court addressed Brown's objections to the presentence report. First, Brown sought a downward adjustment for his "acceptance of responsibility," USSG § 3E1.1, based on his initial assistance to state investigators. The district court declined the adjustment stating that Brown "never accepted responsibility for the crime . . ., has vigorously contested his innocence from its [sic] very inception of these charges and does to the present hour." ROA, vol. XX, at 58.

Next, the district court considered the recommended "obstruction of justice" enhancement, USSG § 3C1.1. Although not objected to at the original sentencing proceedings, Brown challenged the enhancement on remand. After hearing argument and witness testimony, the district court agreed with Brown and declined to apply the "obstruction of justice" enhancement.

The district court then ruled on Brown's various objections to his criminal history score, which the PSR determined to be 10, placing him in criminal history

category V. The district court overruled most objections, but sustained Brown's objection to the addition of one criminal history point for an Arkansas controlled substance conviction because it was not clear whether he had counsel or knowingly waived counsel.

Finally, the district court addressed Brown's objection to the PSR's addition of three criminal history points for his Wyoming state court conviction for operating a clandestine methamphetamine laboratory. Brown claimed that the state conviction could not be used to generate criminal history points because it involved conduct that was also the basis for the instant federal conviction. The district court heard testimony from a probation officer stating that the state convictions were connected temporally to the instant offense, but that they were not "relevant conduct" under the Guidelines. ROA, vol. XX, at 115–117. The district court agreed with this assessment and overruled the objection.

Based on the adjustments made to Brown's Guidelines calculation on remand, his total offense level was reduced from 24 to 22, and his criminal history category was reduced from V to IV. The district court then sentenced Brown to 30 months[3] imprisonment for the first two counts, but maintained the statutorily mandated 360-month sentence for the third count, to be served consecutively.

---

[3] The district court sentenced Brown to 75 months imprisonment, but credited him with 45 months time served in state prison.

Brown now appeals this sentence.

## II. Analysis

In this appeal, Brown contends that the district court misinterpreted the scope of this Court's remand in failing to grant him a de novo resentencing and erred in calculating the applicable sentencing guidelines. In considering a district court's sentencing determination, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

## A. Scope of Remand

Brown argues that he was entitled to a de novo sentencing based on our remand of his original sentence. While we agree the district court erred in failing to grant Brown a de novo sentencing, we hold that such error was harmless considering the district court's consideration of all of Brown's sentencing-related motions.

It is well-settled that resentencing on remand is typically de novo. *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999); *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996). Thus, when we vacate and remand a defendant's sentencing, lower courts must allow the defendant any procedural rights afforded to him at sentencing in the first instance. *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir. 1991) (referencing Fed. R. Crim. P. 32(a)(1)).

Nevertheless, we may limit the district court's discretion on remand pursuant to the mandate rule. *Keifer*, 198 F.3d at 801. "The mandate rule is a discretion-guiding rule that generally requires trial court conformity with the articulated appellate remand." *United States v. Hicks*, 146 F.3d 1198, 1200 (10th Cir. 1998) (internal quotes omitted). We have held that district courts should depart from appellate court mandates only in cases of "exceptional circumstances," such as when a blatant error would result in "serious injustice." *Webb*, 98 F.3d at 587. A closely related doctrine is the "law of the case" doctrine, where "findings made at one point during litigation become the law of the case for subsequent stages of that same litigation." *Id.*

The district court in this case clearly interpreted *Brown I* as limiting its power to conduct a de novo review on remand through the mandate rule. In addressing Brown's sundry motions, the district court stated, "[T]he court [of appeals] has very succinctly told me what they expect me to do, and I am going to obey the court, nothing more, nothing less." ROA, vol. XX at 11. The district court likely refers to our conclusion that the district court "should have resolved Mr. Brown's objections [to the presentence report's assessment of his criminal record] before sentencing him." *Brown*, 400 F.3d at 1256.

While the district court's interpretation is reasonable, we disagree that our order in *Brown I* provided such a succinct and concrete instruction. A review of our case law shows that we require quite a high level of specificity to limit a

remand on resentencing. *Compare Webb*, 98 F.3d at 587 (panel directed district court to resentence within the 27- to 33-month range); *United States v. Davis*, 912 F.2d 1210, 1215 (10th Cir. 1990) ("We therefore will retain appellate jurisdiction and ask the district court to explain its reasons for the extent of departure above the guideline range.").

The mandate in *Brown I* simply lacks this type of specific direction. In *Brown I*, we simply stated, "Since the disputed charges could result in a reduction of Mr. Brown's criminal history category and thus his sentence, we agree that remand is appropriate." *Brown*, 400 F.3d at 1255. A plain reading of our holding does not specifically limit the remand. *Brown I*'s conclusion supports this reading, where we stated, "For the reasons stated above, we AFFIRM Mr. Brown's conviction but REVERSE and REMAND the case for sentencing." *Id.* Here, we provide no explicit condition or qualifier to the remand order. Such an order directs the district court to conduct sentencing anew. *See Smith*, 930 F.2d at 1456 (finding no specific mandate under similar language). Accordingly, to the extent the district court believed that it was precluded from conducting a de novo resentencing, we hold this view was incorrect.

Nonetheless, we find that the district court's error was harmless. Federal Rule of Criminal Procedure 52(a) states that "any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." An error with respect to sentencing does not affect substantial rights when it did not affect

the sentence imposed by the district court. *United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005). In this case, we agree with the government that Brown's brief does not point to a "single, specific sentencing issue that the district court refused to entertain on the basis of its allegedly restrictive view of what issues were properly within the scope of this court's remand order." Aple. Br. at 21.

Despite its pronouncement of a limited remand, the district court not only considered the objections that prompted the remand, but it also considered sentencing objections made for the first time on remand. For example, it permitted Brown to call new witnesses to defeat the PSR's obstruction of justice enhancement, an issue not objected to at Brown's initial sentencing. The district court declined to apply the enhancement over the government's objection based on the new testimony.

On our review of the record, we find that the only sentencing issues that the district court failed to reach on the merits were (1) Brown's motion from a new PSR, (2) Brown's request for a private investigator to verify his criminal history, and (3) Brown's request for the file on which the government relied in compiling the PSR.[4] Brown, unfortunately, provides no information on how these motions

---

[4] In Brown's brief, he contends that he raised the issue of his "competency to be sentenced." Aplt. Br. at 9. We do not find this assertion supported in the record. Brown's brief directs us to pages 3–14 of the district court order. Yet, a

(continued...)

would be warranted or how they would affect his sentencing on remand. In fact, they are not even mentioned in his brief. Aplt. Br. at 9 ("Mr. Brown need not hash out each of the grounds justifying relief for each of his motions, instead, the improper limitation warrants a remand with a de novo review.").

Brown next argues that the district court should have entertained all of his motions, including the motions attacking his conviction, at sentencing. We disagree. Because we upheld Brown's firearms convictions in *Brown I*, we hold that the "law of the case" doctrine applies to these motions unrelated to sentencing. "Ordinarily, we will not review in a second direct appeal an issue that underlies a previously affirmed conviction." *United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000). In the absence of non-waivable issues attacking the underlying conviction, remand on the sentencing question will not reopen for review the underlying convictions. *Id.* Most of the non-sentencing issues that Brown raised on remand, such as his double jeopardy and Fifth Amendment claims, were previously raised and adjudicated by this court in *Brown I*. The few issues that Brown raised for the first time on remand do not

---

[4](...continued)
search of that order reveals that Brown only raised a motion to vacate his conviction for lack of competency. We find no indication he raised a competency to be sentenced claim.

-10-

constitute a non-waivable, jurisdictional issue requiring us to depart from the

general rule. *See Gama-Bastidas*, 222 F.3d at 785.[5]

Since Brown has not demonstrated how the district court's legal error

affected his sentencing, we find a remand to conduct another sentencing to be

unnecessary.

## B. Acceptance of Responsibility

---

[5] In the Reply Brief, Brown's counsel intimates that Brown did in fact raise a jurisdictional issue in his "allocution." Aplt. Reply Br. at 2. Brown provides no citation to the record, which is troubling considering the record contains 26 volumes. Nevertheless, we surmise that he is referring to Brown's colloquy with the district court during his original sentencing.

> I was charged for three firearms [sic]; yet I felt that I was on trial for methamphetamine manufacturing. I know that's an essential element for the 924(c), but it went way beyond that. [T]he jury was given an instruction that says if they don't . . . prove me guilty beyond all reasonable doubt of manufacturing methamphetamine, then you can't find me guilty of Count Three. My indictment didn't tell me that I had to prepare for trial for manufacturing methamphetamine.

ROA, vol. XV at 15.

We assume that Brown's counsel is attempting to make a claim for insufficiency of indictment, a non-waivable claim. *See* Fed. R. Crim. P. 12(b)(2). But we do not find this a cognizable claim. Brown's dialogue later shows that he is attempting to determine if the government could prosecute him on a drug charge, not challenge his indictment. "Since the jury has found me guilty of this drug-trafficking crime, a federal drug-trafficking crime at that, can the government now or later indict me for this federal felony offense in Title 21 U.S.C., Section 841(a), manufacturing methamphetamine?" *Id.* We have also reviewed Brown's 50 plus page filing submitted during his allocution and we again find no cognizable, non-waivable claims. Accordingly, we dismiss this argument.

-11-

Brown next contends that he was entitled to an "acceptance of responsibility" downward adjustment pursuant to Sentencing Guidelines § 3E1.1. Brown claims that, after his initial arrest by state authorities, he immediately assisted investigators by sharing information about his methamphetamine laboratory and pleaded guilty to state charges. Brown argues that he later went to trial on his federal charges, because he wanted to vindicate certain constitutional rights, such as violations of his state immunity agreement, Fifth Amendment rights, and rights under the Double Jeopardy Clause. We agree with the district court that such a downward adjustment was not warranted.

Under the Guidelines, the downward adjustment is appropriate where the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). Additional reductions are possible if the defendant "timely provid[es] complete information to the government concerning his own involvement in the offense" or "timely notif[ies] authorities of his intention to enter a plea of guilty." *Id*. at 3E1.1(b). Section 3E1.1's commentary directs,

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essentials factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . .

-12-

*Id.* at cmt. n.2.

We see no error in the district court's finding that Brown has "not admitted his guilt, and he certainly has not expressed remorse."  As the district court noted, Brown "spent most of his time castigating the fundamental fairness of the proceedings."  ROA, vol. XX at 57.  In the 50 plus page filing attached to his allocution, he accuses the government at length of engaging in a "vindictive" conspiracy to convict him and of suborning perjury.  ROA, vol. II, doc. 235.  He also contests the factual evidence to prove his 18 U.S.C. § 924 conviction.  *Id.* Belying his claim that he willingly submitted himself to justice under state law and only challenged his federal charges to protect his constitutional rights, he describes his desire to "have the opprotunity [sic] to attack [his] illegal state conviction."  *Id.*  While he did provide some assistance to state investigators, we do not find that his assistance rose to the level of acceptance of responsibility in light of his other conduct.

In sum, Brown's actions do not illustrate the type of remorse justifying the "rare situation" of providing a downward adjustment when a defendant puts the government to its burden of proof and so we decline to do so.  *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1280–82 (10th Cir. 2004).

### C.    State Criminal Convictions

Brown's next issue concerns the alleged improper assessment of three criminal history points for his state court controlled substance conviction which

arose from the same nucleus of facts as the instant federal firearms convictions. Brown claims that the conduct underlying his state drug convictions was "part" of his federal offense and so it cannot count as a "prior sentence" under Sentencing Guidelines § 4A1.2.

Section 4A1.1(a) allows for the addition of three criminal points for each prior sentence exceeding one year and one month; this provision no doubt applies to Brown's state conviction for operating a methamphetamine laboratory for which he was sentenced for three to five years if it was a "prior sentence." Section 4A1.2 defines "prior sentence" as "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." USSG § 4A1.2 at cmt. n.1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3.").

When a district court applies a prior sentence for criminal history purposes, we are directed to "review the court's underlying finding that the prior sentence was not part of the instant offense, i.e., that it was not relevant conduct." *United States v. Torres*, 182 F.3d 1156, 1160 (10th Cir. 1999). The district court found that the state drug conviction was not "relevant" conduct to firearms possession. In reviewing that finding, we "generally examine several factors, including the similarity, temporal proximity, and regularity of the instant offense and the prior sentence." *Id.* Considering these factors and applicable precedent,

we are convinced that the district court did not err in applying the three criminal points for Brown's state conviction.

In this case, state police arrested Brown and a female co-defendant after surrounding her car at a grocery store parking lot. *Brown*, 400 F.3d at 1245. The machine gun linked to Brown was found in the car. *Id.* at 1246. The co-defendant then informed the police about the methamphetamine lab. *Id.* A week after pleading guilty to the state drug charge, a federal government indicted Brown on the instant charges. *Id.*

We find the first factor of "similarity" strongly cuts against Brown because the "substance and nature" of the offenses are distinct. *Torres*, 182 F.3d at 1160. First, drug manufacturing and weapons possession represent different "societal harms." ROA, vol. XX at 116; *see United States v. Nanthanseng*, 221 F.3d 1082, 1084 (9th Cir. 2000) ("The societal interest threatened by violations of drug laws . . . is the interest in drug abuse prevention. . . . The societal interests most directly threatened by the possession . . . of . . . firearms are . . . preventing the loss of personal safety resulting from . . . violent physical assault." (citations omitted)). Offenses involving such different societal interests are by definition not "groupable" under Sentencing Guidelines § 3D1.2(d), *see* § 3D1.2 at cmt. n.2, and thus do not constitute "relevant conduct" under § 1B1.3.

Additionally, the offenses were "severable instances of unlawful conduct." *United States v. Banashefski*, 928 F.2d 349, 352 (10th Cir. 1991) (considering

-15-

severability as a factor in this inquiry).  Brown violated the federal firearm statutes as soon as he possessed a machine gun.  His drug manufacturing had no bearing on the violation of these federal charges and vice versa.  For example, if Brown was arrested with the machine gun, but did not engage in drug manufacturing, he would still be guilty of the firearms charges.   In short, evidence of one crime was unnecessary to prove the other crime.

The government concedes that the second factor of temporal proximity favors Brown — he possessed the machine gun while manufacturing drugs. Nevertheless, considering the distinct "substance and nature" of the crimes and different societal interests involved, we agree that the addition of the criminal history points was warranted despite the offenses' close temporal proximity. *See United States v. Ladum*, 141 F.3d 1328, 1347–48 (9th Cir. 1998) (allowing criminal history points of conduct that occurred during the course of the instant offense).

Of course, our resolution of this claim would be quite different if the sentencing calculation pertained to Brown's conviction for carrying a machine gun in relation to drug trafficking.  If this were the case, the state drug charge would clearly relate to the federal firearms charge.  Yet, since that charge

provides for a mandatory minimum sentence, the Guidelines are inapplicable and the state conviction has no affect on such a sentence.[6]

**D.    Credit for Time Served in Federal Custody**

Brown's final claim is that the district court erred by not awarding him sentencing credit under 18 U.S.C. § 3585(b) for the time already served in federal custody prior to his resentencing.  We dismiss this claim.  As we have previously held, a sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing.  *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).  Rather, the authority resides with the Attorney General, as exercised by the federal Bureau of Prisons.  *Id.*

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's sentence and DISMISS this appeal.

                                                        Entered for the Court

                                                        Timothy M. Tymkovich
                                                        Circuit Judge

---

[6]  Brown also contends that his state conviction involved a weapons offense and was thus relevant to his federal firearms charges.  Reply Br. at 4.  As Brown admits, the weapons offense was dismissed pursuant to a plea agreement.  Since no state conviction exists on a weapons charge, we see no reason to overturn the district court's holding.