**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

RAYMOND DEAN BROWN,

      Defendant–Appellant.

Nos. 07-8014, 07-8045 & 07-8053
(D.C. No. 00-CR-59-D)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

In these consolidated pro se cases, Raymond Dean Brown seeks our review

of the district court's denials of his motions to (1) vacate his criminal conviction

due to "fraud on the court" under Federal Rule of Civil Procedure 60(b)(3) (No.

07-8014), (2) reconsider its decision not to disqualify the United States attorneys

who worked on his case (No. 07-8045), and (3) reconsider its decision not to

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

recuse itself from the case (No. 07-8053).[1]  We conclude that the district court lacked jurisdiction to consider any of the relevant motions, each of which Brown filed only after he had filed his notice of appeal from the district court's sentencing judgment.  Taking jurisdiction pursuant to 28 U.S.C. § 1291, we vacate the district court's orders and remand for entry of orders dismissing these motions for lack of jurisdiction.

## I

After he was found guilty by a jury of several federal firearm counts, Brown appealed his conviction and sentence to this court.  Among other things, he challenged his conviction on the basis that Wyoming state prosecutors shared compelled, immunized testimony with prosecutors for the United States in violation of Kastigar v. United States, 406 U.S. 441 (1972).  We affirmed his conviction but remanded for resentencing because the district court failed to address Brown's objections to his presentence report ("PSR").  United States v. Brown ("Brown I"), 400 F.3d 1242, 1255-56 (10th Cir. 2005).

Before his resentencing hearing, Brown moved to dismiss his indictment and for a hearing under Kastigar, to disqualify all United States attorneys in the District of Wyoming from any further involvement based on their familiarity with the aforementioned compelled testimony, and to recuse the district judge from the

---

[1] Nos. 07-8014 and 07-8045 were previously consolidated.  We now consolidate those cases with 07-8053 as well.  See Fed. R. App. P. 3(b)(2).

proceedings due to bias. On the day before Brown's resentencing hearing, the district court issued an order denying these and other motions. At resentencing, the district court reduced Brown's sentence based on credit for time served in state custody, as he had requested in his original PSR objections.

Brown then appealed this second sentence. While his counseled appeal was pending in this court, he filed several pro se motions with the district court. These included a second motion for recusal and a Federal Rule of Civil Procedure 60(b)(3) motion for relief due to fraud on the court, in which Brown again raised the United States Attorneys' access to his immunized testimony and claimed that they later lied about the extent of his state immunity. The district court denied each of these motions, and Brown responded by filing (1) a motion for reconsideration of the recusal issue, (2) a motion to alter or amend the denial of his Rule 60(b) motion, and (3) a revised motion for disqualification of all District of Wyoming United States attorneys. These motions were also denied. In the midst of this flurry of motions and orders, we decided Brown's second direct appeal and affirmed his sentence. United States v. Brown ("Brown II"), 212 F. App'x 747, 751 (10th Cir. 2007) (unpublished).

After the mandate had issued in Brown II, Brown filed one last motion, this time for reconsideration of the denial of his most recent motion to disqualify the United States attorneys. He then filed notices of appeal regarding the denials of (1) his Rule 60(b) motion, and motion to alter or amend the denial thereof (No.

07-8014); (2) his latest motion to disqualify the United States attorneys, and motion to reconsider the denial thereof (No. 07-8045); and (3) his latest motion for recusal of the district judge, and for reconsideration of the denial thereof (No. 07-8053).[2] Each of the motions underlying his present notices of appeal was filed only <u>after</u> his notice of appeal from his second sentence, but before issuance of the mandate in <u>Brown II</u>.[3]

## II

Subject to certain narrow exceptions which are not applicable here, the filing of a notice of appeal divests a district court of jurisdiction. <u>See</u> <u>United States v. Prows</u>, 448 F.3d 1223, 1228 (10th Cir. 2006); <u>United States v. Meyers</u>, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996); <u>cf.</u> Fed. R. App. P. 4(b)(5) (providing that the filing of a notice of appeal does <u>not</u> divest a district court of jurisdiction to correct a sentence under Fed. R. Crim. P. 35(a)).

---

[2] We reject the government's contention that we lack jurisdiction over the appeals in Nos. 07-8045 and 07-8053 because they are moot. A criminal case is not moot until the sentence is served and no collateral consequences could potentially flow from the conviction. <u>See, e.g.</u>, <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 371 n.2 (1993); <u>United States v. Reider</u>, 103 F.3d 99, 101 (10th Cir. 1996).

[3] A prior panel considering appeal No. 07-8045 requested supplemental briefing on whether Brown's notice of appeal in that matter was timely filed under Fed. R. App. P. 4(b)(1)(A)(i). Intervening precedent makes clear that failure to comply with Rule 4(b) no longer divests this court of jurisdiction, <u>see</u> <u>United States v. Garduno</u>, 506 F.3d 1287, 1290-91 (10th Cir. 2007), and the government has conceded that Brown's notice of appeal was timely. Although we have no such concession regarding Brown's appeal in No. 07-8053, the government has not invoked the time bar in Rule 4(b) and we opt to decide that appeal as well. <u>See</u> <u>id.</u>

-4-

Brown filed a notice of appeal from resentencing on February 13, 2006, and the district court lost jurisdiction to entertain any motions brought after that date. Brown filed his second recusal motion on July 27, 2006; his Rule 60(b) motion on September 11, 2006;[4] and his revised motion to disqualify the Office of the United States Attorney for the District of Wyoming on January 18, 2007—in each case, well after he filed the notice of appeal from resentencing. In addition, because the mandate in Brown II did not issue until February 2, 2007, each of these motions was filed during the pendency of that appeal. Any challenges not decided or waived in Brown's initial direct appeal should have been raised in the direct appeal from resentencing. To the extent that any other issues remain, they must now be brought pursuant to 28 U.S.C. § 2255.[5]

### III

The government's motion to dismiss appeal No. 07-8053 for lack of jurisdiction is **DENIED**. We **VACATE** the district court's orders in all motions filed subsequent to Brown's notice of appeal from resentencing, and **REMAND** to

---

[4] We further note that Rule 60(b) applies to civil, not criminal, proceedings. See United States v. O'Keefe, 169 F.3d 281, 285 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").

[5] Although the district court could have construed Brown's assorted motions as § 2255 applications, the court certainly did not abuse its discretion by declining to do so. See Prows, 448 F.3d 1223, 1228 (10th Cir. 2006) (holding that, while a direct appeal is pending, a district court should entertain a § 2255 application only in extraordinary circumstances); United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005).

the district court with instructions to **DISMISS** these motions for lack of jurisdiction.  All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge