FILED
United States Court of Appeals
Tenth Circuit

October 20, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND DEAN BROWN,

    Defendant - Appellant.

No. 24-8073
(D.C. Nos. 1:08-CV-00097-SWS
& 2:00-CR-00059-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Raymond Dean Brown, a federal prisoner proceeding pro se, seeks a certificate of
appealability (COA) to challenge the district court's denial of a motion he filed under
Fed. R. Civ. P. 60(b) in his proceedings under 28 U.S.C. § 2255. We deny Brown's
request for a COA and dismiss this matter.

## I. Background

Brown was arrested in a Wyoming parking lot in 1999. A vehicle search
uncovered a machine gun, and a search of his residence uncovered a methamphetamine
manufacturing operation. While state drug and firearm charges were pending against

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him, Brown and his attorney met with a state prosecutor to determine if the state would offer him a deal in exchange for information. Also attending this "proffer meeting" was Dennis Claman, a deputy sheriff with the Sweetwater County Sheriff's Office assigned as a task force special agent with the Wyoming Division of Criminal Investigation. Brown and his attorney had requested the proffer meeting to share information about an alleged murder. According to testimony Claman provided at Brown's federal trial, the state prosecutor informed Brown that although any information he provided at the meeting "would not be used against him in state court, the state could not bind federal authorities." *United States v. Brown* (*Brown I*), 400 F.3d 1242, 1246 (10th Cir. 2005). "Brown expressly acknowledged that he understood these terms." *Id.* at 1255–56. According to Claman, Brown said he knew the identity and address of the man "who made that gun" and had "'converted [Brown's] gun to full auto[matic] in Illinois.'" R. vol. 2 at 36–37 (district court order denying § 2255 relief, quoting Trial Tr. vol. 3 at 437–38). Brown's attorney then advised him not to say anything else about the gun. Claman later informed federal agents about Brown's knowledge of the altered gun and its fabricator.

Brown pleaded nolo contendere to two state drug charges, and the state dismissed two other charges. A week later, a federal grand jury indicted Brown on three charges: felon in possession of a firearm, unlawful possession of a machine gun, and carrying a machine gun during and in relation to a drug trafficking crime. The federal prosecutor designated Claman as the case agent in the federal case. Brown filed a pretrial motion to suppress the statements he made at the proffer meeting. The district court reserved ruling

on the motion.  Brown did not renew the motion at trial, and the government presented

his proffer-meeting statements through Claman's testimony without objection.

A jury convicted Brown on all three charges.  We affirmed his convictions but

remanded for resentencing.  On remand, the district court sentenced Brown to 30 years'

imprisonment on the conviction for carrying a machine gun during and in relation to a

drug-trafficking crime, to be served consecutively to the 30-month sentence on the other

counts.  *See United States v. Brown* (*Brown II*), 212 F. App'x 747, 750–51 (10th Cir.

2007).  We affirmed.  *See id.* at 756.

In 2008 Brown sought relief from his convictions by filing a pro se 28 U.S.C.

§ 2255 motion.  He raised numerous claims, including three claims of ineffective

assistance of trial counsel related to the information he provided at the proffer meeting.

The district court denied the § 2255 motion.  On appeal we remanded for further

proceedings on the three ineffective-assistance claims.  *See United States v. Brown*

(*Brown III*), 640 F. App'x 752, 756 (10th Cir. 2016).

On remand the district court appointed counsel for Brown, ordered supplemental

briefing, held an evidentiary hearing, and accepted additional briefing after the hearing.

In 2021 the district court denied all three ineffective-assistance claims.  We denied

Brown a COA to appeal from that ruling.  *See United States v. Brown* (*Brown IV*),

No. 21-8083, 2022 WL 4103071, at *3 (10th Cir. Sept. 8, 2022).

Brown then filed a motion, through counsel, under Fed. R. Civ. P. 60(b).  Brown

argued that the district court had never ruled on a claim he presented in ground two of his

§ 2255 motion—that when the prosecutor introduced Claman's testimony at Brown's

federal trial, the United States breached his state plea agreement. Brown contended that it was "undisputed" that at the proffer meeting, "Claman was working with both the State of Wyoming and the federal government." Suppl. R. at 51. Brown asserted that "federal prosecutors deliberately chose him as the lead case agent for the federal prosecution, fully aware of his close involvement with the State of Wyoming, including [at] the proffer meeting," *id.*, and this made Claman "an arm of the federal prosecution," *id.* at 52. Brown concluded that Claman breached the plea agreement when he testified about Brown's statements at the proffer meeting, and Claman's breach was "legally equivalent to" the federal prosecutor's breaching the agreement and violating the prohibition of Fed. R. Evid. 410(a) against the use of statements made by a defendant during plea discussions resulting in a nolo contendere plea. *Id.* at 54. Brown asked the court to reopen his § 2255 proceeding as to ground two and set aside his conviction.

The district court treated the motion as a true Rule 60(b)(4) motion based on a void judgment and denied it.[1] The court first determined that it would not be error to decline to rule on Brown's breach claim because it was not among the ineffective-assistance claims included in the *Brown III* remand. But the court then

---

[1] *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (explaining that a Rule 60(b) motion "is a 'true' 60(b) motion" rather than a second or successive habeas petition requiring circuit-court authorization "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition") (citation omitted).

assumed arguendo that Brown had asserted such a claim in ground two of his § 2255 motion and provided two independent reasons for denying relief.

First, the court concluded that the law-of-the-case doctrine barred the claim because in Brown's direct appeal, *Brown I*, we considered and rejected the argument that the government breached the plea agreement when it elicited testimony from Claman regarding the proffer meeting.

Second, the district court concluded that Brown's Rule 60(b) argument failed on the merits for multiple, independently sufficient reasons:

(1) The express terms of the agreement between the state prosecutor and Brown did not bind the United States.

(2) The district court had already determined, following the § 2255 evidentiary hearing, that Claman was acting only as a Wyoming Division of Criminal Investigation agent at the proffer meeting, and the court had rejected Brown's arguments that Claman was also "simultaneously serving as a federal agent . . . to collect information about the machine gun at the proffer meeting." R. vol. 5 at 101.

(3) Claman's later involvement with the federal prosecution could not retroactively bind the United States to the terms of Brown's plea agreement because Claman lacked actual authority to do so at the time the promise was made to Brown, as required under *United States v. Lilly*, 810 F.3d 1205, 1211 (10th Cir. 2016) ("[A] defendant who seeks specifically to enforce a promise contained in a plea agreement or a freestanding cooperation agreement, must show that the promisor had actual authority to make the particular promise." (ellipses and internal quotation marks omitted)).

(4) Even if Claman was acting as a federal investigator at any time, he lacked authority to bind the United States to the agreement unless a federal prosecutor authorized him to do so. *See id.* at 1213 ("[O]rdinarily, there is nothing inherent in a federal investigator's role that actually authorizes the investigator to make . . . promises [of immunity]; instead, there must be a showing that the investigator has received permission or authorization from a governmental actor that actually possesses actual authority—notably, a federal prosecutor."). And Brown offered no evidence of such authorization.

(5) Brown waived Rule 410's protection because it was defense counsel, not the United States, who originally introduced the proffer statements when questioning Claman, thereby opening the door for the prosecutor to elicit further testimony from Claman regarding those statements.

Accordingly, the district court denied the Rule 60(b) motion. It also denied a COA. Brown now seeks a COA from this court.

## II.  Scope of COA review

Brown's notice of appeal designates three of the district court's orders as those he would like to appeal— ECF No. 289, which is the order denying his § 2255 motion; ECF No. 303, which is the order denying his Rule 60(b) motion; and ECF No. 316, in which the district court denied three motions Brown filed after the denial of his Rule 60(b)

6

motion.  But Brown's COA application challenges only the district court's order denying his Rule 60(b) motion.  We therefore limit our COA analysis to that order.[2]

### III.  COA standard

To appeal the denial of a Rule 60(b) motion filed in § 2255 proceedings, Brown must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal the final order in a § 2255 proceeding); *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (holding "that a COA is required to appeal from the denial of a true Rule 60(b) motion" filed in habeas proceedings).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the applicant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For claims the district court denied on a procedural ground without reaching the merits, the applicant must also show that the district court's procedural ruling is debatable.  *Id.*

### IV.  Discussion

Brown identifies three issues for appeal:  (1)  the district court misconstrued his allegedly overlooked claim; (2) the law-of-the-case doctrine does not apply; and (3) his

---

[2] We note, however, that we would lack jurisdiction to review the order denying the § 2255 motion, which was filed in September 2021, because Brown filed his notice of appeal in October 2024, well beyond the 60-day period applicable in this case.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (timely notice of appeal is a jurisdictional requirement in a civil case); *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (§ 2255 proceedings are considered civil cases for purposes of the appellate rules); Fed. R. App. P. 4(a)(1)(B)(i) (setting a 60-day deadline for a notice of appeal in a civil case where the United States is a party).

Rule 60(b) argument is meritorious, warranting full briefing by both parties.  But even liberally construing Brown's pro se pleadings, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude that he has not shown that reasonable jurists would debate the district court's construction of his claim or its conclusion that the claim failed on the merits.  We therefore need not address his second issue.

**A.      The district court did not misconstrue Brown's claim.**

Brown contests the district court's determination that what his Rule 60(b) motion alleged was that the district court had overlooked a claim in his § 2255 motion that the government breached the plea agreement reached in the state case; he contends that the overlooked claim was a claim of ineffective assistance of counsel.  Brown argues that a reading of ground two of his § 2255 motion and supporting materials shows that the claim concerning the purported breach of the plea agreement was "raised under the umbrella of ineffective assistance of counsel."  COA Appl. at 22.

In Brown's Rule 60(b) motion, however, he did not assert that the district court had overlooked a claim that counsel provided ineffective assistance with respect to the breach of the plea agreement.  Rather, Brown argued that the court had overlooked his claim that "[t]he Government breached the nolo contendere plea agreement with . . . Brown by introducing the testimony of Agent Claman at . . . Brown's federal criminal trial."  Suppl. R. at 47; *see also id.* at 50 ("The record conclusively shows that . . . Brown raised the claim that the federal government breached the plea agreement by introducing . . . Claman's testimony at trial."); *id.* at 51 ("In [the district court's] order denying . . . Brown's [§] 2255 motion" after the remand in *Brown III*, the district court "addressed

8

three [ineffective-assistance] claims, none of which included the claim that the federal government breached the plea agreement.").  Brown, therefore, has not demonstrated that reasonable jurists would debate whether the district court misconstrued his Rule 60(b) argument as a stand-alone claim that the United States breached the plea agreement rather than as an ineffective-assistance claim.

**B.      Brown has not shown the district court's merits analysis is debatable.**

Brown asserts that the district court's rejection of his claim on the merits "is simply wrong."  COA Appl. at 23.  In support, however, he does not engage with any of the district court's analysis.  Instead, he merely reiterates his view that the United States breached the plea agreement when Claman, as a member of the prosecution team, testified about Brown's statements at the proffer meeting.  That is insufficient to demonstrate that reasonable jurists would debate the district court's rejection of Brown's claim on the merits because "[t]he first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Brown has failed in this regard.  The district court provided five independently sufficient alternative rationales for denying the claim on the merits, and Brown has addressed none of them.

## V.  Conclusion

We deny Brown's application for a COA and dismiss this matter.  We also deny his pending motion to appoint counsel.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

9