FILED
United States Court of Appeals
Tenth Circuit

February 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

RAYMOND DEAN BROWN,

        Defendant-Appellant.

No. 13-8055
(D.C. Nos. 1:08-CV-00097-SWS &
2:00-CR-00059-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Raymond Dean Brown appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255 based on claims of ineffective assistance of counsel. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reverse and remand.

I.  Background

Mr. Brown was convicted after a jury trial of being a felon in possession of a firearm, unlawfully possessing a machine gun, and carrying a machine gun during

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and in relation to a drug trafficking crime. He was ultimately sentenced to 30 months on the first two counts and 360 months for the third count, to be served consecutively.

Mr. Brown subsequently sought relief from his convictions and sentences by filing a § 2255 motion. The district court denied that motion and it also denied Mr. Brown's request for a certificate of appealability (COA). Mr. Brown then filed a COA application in this court. We granted a COA on three issues, appointed counsel for Mr. Brown, and ordered supplemental briefing.

All three of the claims for ineffective assistance of counsel at issue on appeal relate to information Mr. Brown provided to state authorities that he alleges led to his federal charges and convictions for firearm violations. As we explained in our COA order:

> Prior to being charged with federal crimes, Mr. Brown was charged with violations of state drug and firearms laws. While his state charges were pending, Mr. Brown met with state authorities and provided information about his criminal activities to receive consideration in his plea negotiations [("the proffer meeting")]. The state authorities informed Mr. Brown at the meeting that any information he provided would not be used against him in state court, but that the state could not bind federal authorities. Dennis Claman, one of the state agents present at the meeting, later repeated inculpatory statements made by Mr. Brown at the meeting to federal agents. Mr. Brown subsequently entered a plea of no contest in Wyoming state court to charges of possession of a controlled substance and operation of an unlawful clandestine laboratory.
>
> The week following his state proceedings, a federal grand jury returned an indictment charging Mr. Brown with three firearms offenses. Before trial, Mr. Brown moved to suppress the statements he made at the meeting with the state authorities, arguing that the use of

those statements would violate his Wyoming immunity agreement. The district court reserved ruling on the motion. Mr. Brown did not renew his suppression motion at trial and the government presented his statements through the testimony of Agent Claman without any defense objection. In our decision in *Brown I*, we reviewed the suppression issue for plain error and concluded that the district court did not err in admitting the statements[.]

*United States v. Brown*, No. 13-8055, at 3-4 (10th Cir. Jan. 14, 2015) (unpublished COA order).

On appeal, Mr. Brown argues that his trial counsel was ineffective for failing to object to the admission of evidence from the proffer meeting, which he asserts should have been excluded under Rule 410 of the Federal Rules of Evidence.[1] He also argues that trial counsel was ineffective for failing to investigate his immunity agreement with the state and for failing to raise that as a basis for precluding the

---

[1] Rule 410 provides as follows:

(a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:

(1) a guilty plea that was later withdrawn;

(2) a nolo contendere plea;

(3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or

(4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410.

admission of evidence in his federal trial regarding statements he made during the proffer meeting. Finally, he contends that his state counsel provided ineffective assistance during the proffer meeting by not protecting him from making self-incriminating statements that subsequently led to him being charged and convicted of federal crimes.

## II. Discussion

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citations omitted).

A) *Trial Counsel's Failure to Make a Rule 410 Objection*

In ground two of his § 2255 motion, Mr. Brown argued that his trial counsel was ineffective for failing to object to the admission of testimony about statements he made during the proffer meeting.[2] The government argued below that the failure to make a Rule 410 objection did not constitute ineffective assistance of counsel because any such objection would have been futile as Rule 410 would not apply to

---

[2] In his § 2255 motion, Mr. Brown alleged that admitting his statements from the proffer meeting violated Rule 11 of the Wyoming Rules of Criminal Procedure. That rule is substantially similar to Rule 410 of the Federal Rules of Evidence. Both the government and the district court construed his argument as also alleging that admitting his statements violated Rule 410, as that is the rule that applies to trials in federal court. *See* R., Vol. I at 846-47, 847 n.4; *id*. at 1589-91, 1590 n.3.

- 4 -

Mr. Brown because he had ultimately pled guilty to the state charges. In denying Mr. Brown's claim, the district court adopted the government's reasoning.

The government now concedes on appeal that Mr. Brown did not in fact plead guilty to the state charges, but instead entered a no contest plea, and therefore the district court's ruling is incorrect. The government goes on, however, to provide an alternative argument for denying Mr. Brown's claim of ineffective assistance of counsel. But the problem is that this alternative argument was never presented to the district court.

Although we have discretion to affirm on any ground adequately supported by the record, the exercise of that discretion is guided by three considerations: (1) was the alternate ground "fully briefed and argued here and below"; (2) did the parties have "a fair opportunity to develop the factual record"; and (3) "whether, in light of factual findings to which we defer or uncontested facts, our decision would involve only questions of law." *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) (brackets omitted).

The argument the government is now making was not briefed or argued below and Mr. Brown did not have a chance to respond to it below. As noted above, claims for ineffective assistance of counsel present mixed questions of law and fact, *Orange*, 447 F.3d at 796, and the government's new argument raises factual issues about defense counsel's trial strategy. The parties have not had a chance to develop a factual record on those issues.

Under these circumstances, the best course is to reverse the district court's disposition of this claim and to remand for further proceedings. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007) (remanding to the district court and explaining that instead of "examining and resolving the merits of [the defendant's alternate] contentions, . . . [the court would] adopt the better practice of leaving the matter to the district court in the first instance").

B) *Trial Counsel's Failure to Investigate and Litigate the Immunity Agreement*

In ground twelve of his § 2255 motion, Mr. Brown argued that his trial counsel provided ineffective assistance by failing to investigate his immunity agreement with the state and by failing to raise that as a basis for not admitting evidence of statements he made during the proffer meeting during his trial (which led to the issue being reviewed on appeal for plain error). The government argued that this issue was raised and resolved on direct appeal and therefore it could not be raised again in a § 2255 motion. In denying this claim, the district court adopted the government's reasoning.

Courts typically do not review § 2255 claims if they have been raised and resolved on direct appeal. *See Abernathy v. Wandes*, 713 F.3d 538, 549-50 (10th Cir. 2013) ("[U]nder the law-of-the case doctrine, courts ordinarily . . . refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."). Although Mr. Brown did raise on appeal an issue regarding the admissibility of certain statements and whether their admission violated his immunity

agreement, he did not raise this claim for ineffective assistance of counsel. *See*

*United States v. Brown*, 400 F.3d 1242, 1255-56 (10th Cir. 2005). It would have

been unusual for Mr. Brown to do so—and we would likely have declined to consider

such a claim if he did—because we do not generally consider claims for ineffective

assistance of counsel on direct review. *See United States v. Galloway*, 56 F.3d 1239,

1242 (10th Cir. 1995) (explaining that only "rare claims [of ineffective assistance of

counsel,] which are fully developed in the record" may be brought on direct appeal).

Instead, the proper course is to raise those claims in a collateral proceeding, as

Mr. Brown did here. *See id.* ("The rule in this circuit . . . is that claims of

constitutionally ineffective counsel should be brought on collateral review, in the

first petition filed under 28 U.S.C. § 2255.").

On appeal, the government no longer argues that this claim should be denied

because it was raised in Mr. Brown's direct appeal. Instead, the government argues

the claim should be denied on the merits. Because Mr. Brown's claim for ineffective

assistance of counsel was not raised and resolved on direct appeal, the district court

erred in denying it on that basis. As the court never reached the merits of this claim

due to its procedural dismissal, the claim should be remanded for the district court to

consider the merits in the first instance. Remand is especially appropriate here

because ineffective-assistance-of-counsel claims are fact intensive and the district

court is "the forum best suited to developing the facts necessary to determining the

adequacy of representation," *Massaro v. United States*, 538 U.S. 500, 505 (2003).

- 7 -

C) *State Counsel's Failure to Protect Mr. Brown at the Proffer Meeting*

In the supplement to ground twelve in his § 2255 motion, Mr. Brown argued that his state counsel provided ineffective assistance during the proffer meeting by not protecting him from making self-incriminating statements that subsequently led to him being charged and convicted of federal crimes. This issue was properly raised in Mr. Brown's § 2255 motion, but the government did not address this claim in its response to the motion and the district court likewise did not discuss this claim in its decision.[3] The district court therefore erred in failing to address the merits of this claim.

The government argues on appeal that this claim should be denied on the merits. But again, as with the other two claims for ineffective assistance of counsel, it is not appropriate for us to resolve this claim on the merits in the first instance. We therefore remand this claim to the district court for further consideration.

III. Conclusion

We reverse and vacate that portion of the district court's decision denying Mr. Brown's claims for ineffective assistance of counsel addressed in this appeal (grounds two, twelve, and the supplement to ground twelve). We remand for further proceedings consistent with this order and judgment. On remand, the district court

---

[3] Although Mr. Brown refers to this claim as a "supplement" to ground twelve, it was filed as part of his initial § 2255 motion and is appended to the end of his section on grounds twelve, thirteen, and fourteen. *See* R., Vol. I at 539-51 (grounds twelve, thirteen, and fourteen); *id*. at 552-55 (supplement to grounds twelve, thirteen, and fourteen).

should consider appointing counsel for Mr. Brown, providing both parties an opportunity to file supplemental briefs, and holding an evidentiary hearing if necessary.

We also grant Mr. Brown's unopposed motion for leave to file his supplemental reply brief out of time.

Entered for the Court

Carolyn B. McHugh
Circuit Judge