FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND DEAN BROWN,

Defendant - Appellant.

No. 21-8083
(D.C. Nos. 1:08-CV-00097-SWS &
2:00-CR-00059-SWS-1)
(D. Wyo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Raymond Dean Brown requests a certificate of appealability (COA) to appeal

from the district court's denial of his 28 U.S.C. § 2255 motion.  *See* 28 U.S.C.

§ 2253(c)(1)(B).  We deny a COA and dismiss this matter.

## BACKGROUND

A jury convicted Mr. Brown of being a felon in possession of a firearm,

unlawfully possessing a machine gun, and carrying a firearm during and in relation to a

drug trafficking crime.  We affirmed his convictions but remanded for resentencing.

*United States v. Brown* (*Brown I*), 400 F.3d 1242, 1256 (10th Cir. 2005).  On remand, the

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced Mr. Brown to 30 years' imprisonment on the conviction for carrying a machine gun during and in relation to a drug trafficking crime, to be served consecutive to 30-month sentences on Counts 1 and 2. *United States v. Brown* (*Brown II*), 212 F. App'x 747, 750-51 (10th Cir. 2007). We affirmed. *Id.* at 756.

Mr. Brown then sought relief from his convictions by filing a pro se § 2255 motion raising numerous claims, including three claims of ineffective assistance of trial counsel "relate[d] to information Mr. Brown provided to state authorities that he alleges led to his federal charges and convictions," *United States v. Brown* (*Brown III*), 640 F. App'x 752, 753 (10th Cir. 2016). The district court denied the § 2255 motion, but on appeal, this court remanded for the district court to conduct further proceedings on the three ineffective-assistance claims, *see id.* at 754-56.

On remand, the district court appointed counsel for Mr. Brown, directed supplemental briefing, held a two-day evidentiary hearing, and accepted additional briefing after the hearing. It denied all three ineffective-assistance claims, and it denied a COA. Mr. Brown now seeks a COA from this court.

## DISCUSSION

### I.      Legal Standards

Mr. Brown must obtain a COA for this court to review the district court's denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). To do so, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Because the district court denied his claims on the merits, for a COA Mr. Brown "must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and (2) the deficient performance prejudiced the defense, *id.* at 692. The deficient performance prong requires a defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court may address *Strickland*'s two elements in any order and need not address both if it concludes the defendant has failed to satisfy either one. *See id.* at 697.

"In considering the denial of a § 2255 motion for post-conviction relief, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011). Because this case is at the COA stage, we determine whether Mr. Brown has shown that reasonable jurists would debate whether the district court's findings are clearly erroneous and whether it correctly interpreted the law. "Although he is represented by counsel in this appeal, we review [Mr. Brown's] pro se § 2255 [filings] liberally." *United States v. Herring*, 935 F.3d 1102, 1107 n.2 (10th Cir. 2019).

## II.     COA Analysis

Mr. Brown's claims all arise out of a February 2000 proffer meeting with state and local law enforcement officials.  The state prosecutor promised immunity from state charges for information shared at the proffer meeting.  During the meeting, Mr. Brown said he could provide information about the man in Illinois who made his gun fire fully automatically, thereby establishing that Mr. Brown knew the gun was a machine gun.  Dennis Claman, a sheriff's detective assigned as a special agent for the Wyoming Division of Criminal Investigation (DCI), reported the statement to federal agents, who already were investigating Mr. Brown.  After the proffer meeting, Mr. Brown pleaded nolo contendre to state charges.

Before the federal trial, Mr. Brown had a series of defense counsel.  One of his pre-trial counsel filed a Federal Rule of Evidence 410 motion to suppress the statements from the proffer meeting.  His trial counsel, however, abandoned the Rule 410 motion.  Nor did his trial counsel pursue any other grounds for excluding the inculpatory statement.  Moreover, trial counsel elicited testimony about the statement from Special Agent Claman on cross-examination.  On redirect, the prosecutor explored the subject in greater detail.

In the three remanded ineffective-assistance claims, Mr. Brown asserted that (1) his trial counsel was ineffective in abandoning prior counsel's Federal Rule of Evidence 410 motion to suppress the inculpatory statements, (2) his trial counsel was ineffective in failing to pursue suppression of the inculpatory statements based on the immunity agreement, and (3) his counsel at the proffer meeting was ineffective in how he

4

handled the meeting.  For all three of these claims, Mr. Brown asserts that he was prejudiced because counsel's deficient performance allowed the jury to hear Special Agent Claman's testimony that Mr. Brown knew the firearm was a machine gun, thereby establishing the element of Count 2 and Count 3 that the defendant know the firearm's status as a machine gun.

This court held in *Brown I*, however, that knowledge of the firearm's status as a machine gun was not an element of Count 3.  *See* 400 F.3d at 1255 n.9.  Thus, Mr. Brown's argument properly relates only to Count 2.  Mr. Brown long ago finished serving his sentence on Count 2 and currently is serving the consecutive sentence for Count 3.  Nevertheless, he may challenge his conviction on Count 2.  *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a prisoner "remains 'in custody' under all of his sentences until all are served," and he "may attack the conviction underlying the sentence scheduled to run first in the series").

Mr. Brown contends that, if counsel had not acted deficiently at the proffer meeting or at trial, there is a reasonable probability that the jury would not have heard Special Agent Claman's testimony about the inculpatory statement.  Without that testimony, he posits, the only evidence supporting the knowledge element came from Mr. Brown's girlfriend, Kristen Worrell, who was "thoroughly compromised as a credible witness."  Aplt. Opening Br./Appl. for COA at 57.

In denying § 2255 relief on remand, however, the district court identified other record evidence to support the knowledge element.  In addition to Ms. Worrell's testimony, a friend of Mr. Brown testified that Mr. Brown told him the firearm was a

machine gun.  Also, a federal agent testified that the firearm fired more than one bullet with a single pull of the trigger and that "anyone who fired or handled the weapon would most likely have known it would fire automatically as a machinegun."  R. Vol. II at 50 (internal quotation marks omitted).  And as the district court noted, in *Brown I*, Mr. Brown "conceded there was testimony he carried his machine gun on various occasions throughout the period alleged in the indictment."  400 F.3d at 1248 (internal quotation marks omitted).  Before this court, Mr. Brown ignores the district court's discussion of this evidence.  He thus has failed to show that reasonable jurists would debate the district court's conclusion that, in light of the evidence as a whole, he failed to establish prejudice from the admission of Special Agent Claman's testimony. *See Strickland*, 466 U.S. at 695 ("[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.").

Mr. Brown also contends that there is a reasonable likelihood that the district court would have dismissed both Count 2 and Count 3 if counsel had pursued what he characterizes as a "*Kastigar*-type hearing," Aplt. Opening Br./Appl. for COA at 64. Under *Kastigar v. United States*, 406 U.S. 441, 460 (1972), when a defendant shows he testified under a grant of immunity, the prosecution has "the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony."  Among other reasons for denying this claim, the district court held that Mr. Brown did not suffer any prejudice because even if there had been a hearing, the government would have been able to meet its burden of showing

6

that its evidence was derived independent of Mr. Brown's incriminatory statement at the proffer meeting.

Mr. Brown's argument disregards several pertinent points. First, he fails to address the district court's conclusion that the government would have met its burden at a *Kastigar* hearing. Second, the argument assumes that Special Agent Claman's testimony was a necessary predicate to his conviction on Count 2. He again ignores that the agent's testimony was not the only evidence that he knew the firearm was a machine gun. Third, this court already held that knowledge of the firearm's status was not an element of Count 3. *See Brown I*, 400 F.3d at 1255 n.9. Thus, Mr. Brown fails to show that reasonable jurists would debate the likelihood that a *Kastigar* hearing would have led to the dismissal of Count 3. And fourth, the argument relies, in part, on a conclusion that at the proffer meeting Special Agent Claman was a federal agent in disguise, not only a Wyoming DCI special agent. But on remand the district court explicitly found that Special Agent Claman was not a federal agent, giving several supporting reasons. Mr. Brown fails to acknowledge that finding, much less show that reasonable jurists would debate whether the finding was clearly erroneous.

Finally, Mr. Brown suggests that counsel was ineffective for failing to pursue a mistrial because Special Agent Claman's testimony showed that Mr. Brown asserted his Fifth Amendment right to silence. As the district court noted, however, that contention was not among the claims *Brown III* remanded. *See* 640 F. App'x at 754-56. Moreover, Mr. Brown does not address the district court's alternative determination that it was unlikely the trial court would have granted a mistrial.

For these reasons, Mr. Brown has not shown that reasonable jurists would debate the district court's denial of his ineffective-assistance claims based on lack of prejudice. We therefore need not consider whether reasonable jurists would debate whether Mr. Brown's counsel performed deficiently. *See Strickland*, 466 U.S. at 697.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court


Jerome A. Holmes
Circuit Judge