FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSEPH LEE CHATWIN,

     Defendant - Appellant.

No. 21-4003

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. Nos. 2:16-CV-00932-RJS &**
**2:12-CR-00617-RJS-1)**

_____

Benjamin C. McMurray, Assistant Federal Public Defender (Scott Keith Wilson, Federal Public Defender, with him on the briefs), Salt Lake City, Utah, for Defendant-Appellant.

Nathan H. Hack, Assistant United States Attorney (Andrea T. Martinez, United States Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

_____

Before **PHILLIPS**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **McHUGH**, Circuit Judge.

_____

**PHILLIPS**, Circuit Judge.

_____

Joseph Lee Chatwin appeals the district court's denial and dismissal of his 28 U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 1253, we reverse and remand.

## BACKGROUND

In 2013, Chatwin pleaded guilty to two counts: (1) bank fraud ("Count 3") and (2) using or carrying (and brandishing) a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 9"). As part of the plea agreement, the government recommended dismissal of seven other charged counts, and Chatwin waived any right to collaterally attack his sentence (though not his convictions).

In 2016, Chatwin filed a pro se § 2255 motion challenging his § 924(c)(1)(A)(ii) conviction and sentencing as unconstitutional under *Johnson v. United States*, 576 U.S. 591 (2016) (holding that 18 U.S.C. § 924(e)(2)(B)(ii)'s residual clause was unconstitutionally vague). As "supporting facts," Chatwin simply wrote that "police chase not a violent crime." R. vol. 1, at 9. The government moved to dismiss the § 2255 motion as insufficiently pleaded. Choosing not to address the merits of the motion, the government argued (1) that Chatwin had "knowingly and voluntarily waived his § 2255 rights in a Rule 11(c)(1)(C) plea agreement and that waiver is valid and enforceable;" and (2) that he had not filed his motion "within one year of the judgment" as required by § 2255(f)(1) and without an exception applying under

§ 2255(f)(3). *Id.* at 86. The government "deferred for later briefing" "other defenses and merits arguments." *Id.* at 87.

In 2020, by then represented by counsel, Chatwin moved to amend his motion after the issuance of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that § 924(c)(3)(B)'s residual clause was unconstitutionally vague). Though neither the plea agreement nor the plea colloquy stated whether the court based the § 924(c) conviction on § 924(c)(3)(A)'s elements clause, § 924(c)(3)(B)'s residual clause, or both, Chatwin contended that the district court relied solely on the residual clause (a question not yet resolved by the district court). From that, he argued under *Davis* that the district court needed to vacate his § 924(c) conviction and resentence him. In response, the government repeated its argument that Chatwin's collateral-attack waiver in the plea agreement defeated any § 2255 claim, including one based on *Davis*.[1]

The district court agreed with the government's collateral-attack-waiver argument and dismissed Chatwin's § 2255 motion. *Chatwin v. United States*, No. 2:16-CV-932-RJS, 2020 WL 7212148, at *4–6 (D. Utah Dec. 7, 2020). In doing so, the court took its cue from the parties and evaluated the enforceability of the collateral-attack waiver under the rule in *United States v.*

---

[1] Though the district court did not address it, the government this time tagged on a short argument that the court had based Chatwin's § 924(c) conviction on his "assault on federal officers using a dangerous or deadly weapon under 18 U.S.C. § 111(b), as alleged in Count 8 of the Indictment." *Id.* at 218. It asserted that under Tenth Circuit caselaw, § 111(b) qualifies as a crime of violence for § 924(c) purposes.

*Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). *Id.* at *6–7. Addressing *Hahn*'s first prong, the court noted that "Chatwin does not argue his due process claim falls outside the waiver." *Id.* at *3. It then turned to *Hahn*'s third prong, the one Chatwin relied on in his briefing. *Id.* at *4–6. There, the court considered whether enforcing the collateral-attack waiver would amount to a miscarriage of justice. *Id.* The district court thoroughly analyzed Chatwin's argument on this point before rejecting it, denying Chatwin's motion to amend his § 2255 motion, and dismissing the case. *Id.*

Seeking relief in our court, Chatwin moved for a certificate of appealability and filed a brief in support.[2] This time, Chatwin raised a new argument—that his collateral-attack waiver must fail under the first *Hahn* prong, on grounds that his conviction-based § 2255 motion fell outside the scope of his collateral-attack waiver in the plea agreement. He argued that his waiver barred any collateral attacks to his *sentence* but not to his *convictions*.

## DISCUSSION

### I.     The standard of review on appeal is plain error.

The district court dismissed Chatwin's § 2255 motion without deciding its merits. *Chatwin*, 2020 WL 7212148, at *6. It relied on the plea agreement's

---

[2] Judge Eid granted a certificate of appealability on the question of "whether waiver of the right to collaterally challenge a sentence prevents a collateral challenge to the underlying conviction." *United States v. Chatwin*, No. 21-4003 (Dec. 15, 2021). Though the *Davis* issue wasn't briefed, it obviously serves as the constitutional claim underlying Chatwin's § 2255 motion.

collateral-attack waiver. *Id.* Because the district court dismissed without reaching the merits, and because Chatwin has first raised his "scope" of waiver on appeal, we review under the plain-error standard. *See United States v. Frady*, 456 U.S. 152, 166 n.15 (1982) ("[T]he 'plain error' standard [may] be applied by a court of appeals on *direct* review of a district court's conduct of the § 2255 hearing itself.").

## II.    Plain-Error Review

To show plain error, Chatwin must show: "(1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Abernathy v. Wandes*, 713 F.3d 538, 553 (10th Cir. 2013) (quoting *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012)). An error is plain if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993) (citations omitted).

### A.    Chatwin has shown the first two prongs of the plain-error standard.

The government doesn't comment on the first two prongs of the plain-error standard (apparently conceding them) on its way to the third. But we will address all four prongs of the standard. Examining the language of the collateral-attack waiver, we conclude that the district court plainly erred by dismissing based on a misreading of the waiver. As mentioned, the waiver bars Chatwin from collateral challenges to his sentence, not to his convictions:

> I also knowingly, voluntarily, and expressly waive my right to challenge my *sentence*, except [where the court imposes a sentence

5

above the maximum penalty], in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver as set forth in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

R. vol. 2, at 27 (emphasis added). The collateral-attack waiver does not bar Chatwin from collaterally challenging his *conviction*. The waiver's language is so clear that we could not seriously consider it amenable to a rival interpretation. Thus, Chatwin has shown error that is plain.[3]

### B.    Chatwin has shown that the error affected his substantial rights.

For an error to affect substantial rights, it must be prejudicial, meaning it generally must have "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. So Chatwin must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). Here, the district-court "proceeding" was to decide the government's motion to

---

[3] In arguing that he has met the plain-error standard, Chatwin directs us to *United States v. Loumoli*, 13 F.4th 1006 (10th Cir. 2021). There, we ruled that a substantively identical collateral-attack waiver did not bar a collateral attack to the defendant's conviction. *Id.* at 1010. Though *Loumoli* is consistent with our holding today, we rely on the precise terms of Chatwin's collateral-attack waiver, not on that decision, which we issued nine months after the district court's decision here.

dismiss (presented on the collateral-attack waiver, rather than on the merits).[4]

*Chatwin*, 2020 WL 7212148, at *3–6. Accordingly, we hold that the "outcome of the proceeding" here means the outcome of the motion to dismiss—not matters beyond that.

In contrast, the government contends that "the outcome of the proceedings" still reaches the ultimate ruling on the merits of the § 2255 motion, despite the district court's dismissal of the case on collateral-attack-waiver grounds. As support, the government offers cases of a different ilk than Chatwin's—ordinary cases in which a district court decided the merits but made an analytical misstep along the way. Predictably, the plain error in those sorts of cases does not always affect the outcome of the district court's merits adjudication. But the government offers no cases in which the district court hasn't decided the underlying merits, let alone any cases in that posture in which the appellate court has interceded to resolve the merits by itself in the first instance.[5]

---

[4] Had the district court denied the government's motion to dismiss, it would have needed to decide Chatwin's *Davis*-based motion to amend his § 2255 motion.

[5] As mentioned, *Frady*, 456 U.S. at 166 n.15, directs us that "the 'plain error' standard [may] be applied by a court of appeals on *direct* review of a district court's conduct of the § 2255 hearing itself." Yet if the government were correct here that "the outcome of the proceedings" means the likely ultimate disposition of Chatwin's § 2255 motion, Chatwin would need to meet the cause-and-prejudice standard for any arguments he did not raise on direct appeal. *See id.* at 167–68. Taken to its logical end, the government's approach

The government's two primary cases are plain-error cases on direct review. In them, the district courts plainly erred while deciding the underlying merits. Both cases—*Puckett v. United States*, 556 U.S. 129 (2009), and *Olano*, 507 U.S. 725—are distinguishable from Chatwin's.

In *Puckett*, the Court reviewed for plain error a district court's failure to enforce a plea-agreement term for an acceptance-of-responsibility reduction after the government opposed the reduction, even though the government initially promised to support it. 556 U.S. at 133. The Court ruled that though the defendant had shown the first two prongs of plain error, he failed on the third prong, which requires prejudice. *Id.* at 141. Based on the defendant's criminal conduct committed after the plea agreement, the Court ruled that a defendant fails to show prejudice if "he likely would not have obtained those benefits in any event (as is seemingly the case here)." *Id.* at 142 & n.4.

In other words, the district court erred in an analytical step when resolving the merits, but the error didn't affect the outcome of the sentence imposed. The key takeaway is that *Puckett* is a poor analog for Chatwin's case, because though the adjudicated merits of Puckett's prison sentence would remain unchanged, the outcome of Chatwin's case was not decided. In *Puckett*, the plain error related to the outcome of the case. For Chatwin's situation to

---

would render *Frady*'s direction to use the plain-error standard meaningless in this situation.

parallel Puckett's, the district court would have had to plainly err on the "scope-of-the-collateral-attack-waiver" issue but not in a way that would affect the *outcome-of-the-scope issue*.[6]

In *Olano*, the Court reviewed for plain error a district court's seating alternative jurors during deliberations. 507 U.S. at 737. Again, though finding plain error in that procedure, the Court concluded that the defendant had failed to show prejudice under the third prong of the plain-error analysis, reasoning that "the record before us contains no direct evidence that the alternative jurors influenced the verdict." *Id.* at 734, 737. Again, the district court resolved the merits by seating the jurors. Nothing equivalent happened in Chatwin's case.

We conclude that Chatwin has shown substantial prejudice based on the dismissal of his § 2255 motion. He has shown that the outcome of "the proceeding" would have been different in that the district court could not have dismissed on the issue of the collateral-attack waiver's scope. Absent plainly erring on the waiver's scope, the district court could not have dismissed on that ground.

---

[6] *See also* Resp. Br. 13 (citing *United States v. Mendoza*, 698 F.3d 1303, 1310 (10th Cir. 2012) (finding no prong-three prejudice despite the government's breaching the plea agreement by recommending a higher sentence, because the defendant could not show "a reasonable probability that he would have received a lesser sentence absent the government's breach")).

We express no view on the ultimate merits of the § 2255 motion but remand to the district court for its determination.[7] We decline the government's invitation to resolve matters beyond the district court's dismissal of the § 2255 motion. Though the government offers its assurance that "Chatwin's claim is meritless," "because this Court has already held that the same predicate "crime of violence" for Chatwin's § 924(c) conviction—18 U.S.C. § 111(b)—is in fact a crime of violence," Resp. Br. 17–18, any argument on the merits is best first presented to the district court. If we decided them in the first instance on appeal, we might unfairly deny Chatwin an opportunity to make his case. We are uncertain what arguments he might raise. He filed a counseled motion to amend his pro se § 2255 motion. Though we know what it sought to amend months ago, we don't know whether Chatwin would limit his legal theories to those previously expounded when prevented from going forward. The proper place for these matters is in the district court. Rather than rush to decide the merits, when the district court hasn't yet done so, we should let the process play out in district court.

C.    **Chatwin has shown that the error affected the fairness of the judicial proceedings.**

---

[7] We note that the parties have not addressed whether Chatwin's guilty plea may bar consideration of the merits of his claim under *Tollett v. Henderson*, 411 U.S. 258 (1973), and *Class v. United States*, 138 S. Ct. 798 (2018). On remand, the district court should consider that issue.

Under the fourth prong of the plain-error standard, Chatwin must show that the district court's dismissal of his § 2255 motion "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). Chatwin is entitled to proper resolution of his *Davis* claim. *See United States v. Dazey*, 403 F.3d 1147, 1174, 1178 (10th Cir. 2005) (stating that we conduct plain-error review "less rigidly when reviewing a potential constitutional error" (internal citation omitted)). Exercising our discretion, we conclude that the district court's error affected the fairness of the judicial proceedings in the district court.

## CONCLUSION

We reverse the district court's dismissal order and remand for further proceedings to decide Chatwin's § 2255 motion.

21-4003, *United States v. Chatwin*

**McHUGH**, Circuit Judge, dissenting:

This court improvidently granted a certificate of appealability ("COA"), and I would vacate it. Alternatively, I would affirm the dismissal of Mr. Chatwin's § 2255 motion because the claimed error fails to satisfy the third and fourth prongs of our plain error standard.

### I.    THE COA WAS IMPROVIDENTLY GRANTED

Mr. Chatwin's request for a COA did not meet the statutory requirements for granting a COA. Therefore, I would vacate the COA and dismiss for lack of jurisdiction.

Congress authorizes us to review the denial of a motion under 28 U.S.C. § 2255 only where the movant obtains a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may issue "*only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Where, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Section 2253 mandates that both showings be made *before* the court of appeals may entertain the appeal." *Id.* at 485 (emphasis added).

We do not routinely revisit the decision to grant a COA, and for good reason. "[I]t would be passing strange if, after a COA has issued, each court of appeals adjudicating

an appeal were dutybound to revisit the threshold showing and gauge its substantiality to verify its jurisdiction. That inquiry would be largely duplicative of the merits question before the court." *Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012) (internal quotation marks and alteration omitted). But, where we have belatedly realized a COA should not have been granted for failure to satisfy some prerequisite, we have vacated such COAs.[1]

Mr. Chatwin made only one substantial showing in his COA request: a procedural error. To satisfy our test for a COA, he had to show *both* a procedural error *and* denial of a constitutional right. Mr. Chatwin failed even to squarely argue the second prong of the COA test, let alone satisfy it. Mr. Chatwin has now fleshed out his constitutional argument somewhat, but the Supreme Court has admonished that "both showings" required for a COA from a procedural dismissal must be made "*before* the court of appeals may entertain the appeal." *Slack*, 529 U.S. at 485 (emphasis added). Mr. Chatwin failed to do so, and I would accordingly vacate the COA.

Now that a COA has issued—even if improvidently—we have jurisdiction to entertain the appeal. *See Gonzalez*, 565 U.S. at 143 (explaining that, while the requirement to obtain a COA is jurisdictional, the statutory criteria on which a COA may issue are non-jurisdictional). For the reasons I now explain, I would affirm the dismissal because the alleged error fails to satisfy the third and fourth prongs of the plain error test.

---

[1] *See, e.g.*, *Holcomb v. Whitten*, 836 F. App'x 682, 690 (10th Cir. 2020) (unpublished) (vacating appellate-court-granted COA due to later determination that applicant had procedurally defaulted the claim); *United States v. McGee*, 760 F. App'x 610, 612 (10th Cir. 2019) (unpublished) (vacating appellate-court-granted COA due to later realization that applicant had waived the claim).

## II.    THE UNDERLYING CONSTITUTIONAL CLAIM IS MERITLESS

I begin by observing that Mr. Chatwin's underlying constitutional claim is meritless as a matter of law. Mr. Chatwin's sole constitutional claim rests on the premise that the predicate offense for his § 924(c) conviction was § 111(a). This is based on an erroneous reading of the indictment and plea agreement, which instead indicate that the predicate offense was necessarily § 111(b), not § 111(a). The distinction between § 111(a) and § 111(b) is use of a deadly or dangerous weapon, with § 111(b) subjecting the crimes in § 111(a) to a sentencing enhancement when committed with such a weapon.[2] In pleading guilty to the § 924(c) crime alleged in Count 9, Mr. Chatwin admitted to brandishing—*i.e.*, using—a firearm. *See United States v. Bowen*, 527 F.3d 1065, 1074 (10th Cir. 2008) ("[O]ne necessarily 'uses' a firearm while 'brandishing' such a weapon."). Thus, he necessarily violated § 111(b).

Furthermore, the predicate offense for a § 924(c) conviction must be a felony.[3] Section 111 contains three offenses—misdemeanor § 111(a), felony § 111(a), and felony

---

[2] "Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 111(b).

[3] As relevant here, 18 U.S.C. § 924(c)(1)(A) enhances the penalty for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm." In turn, 18 U.S.C. § 924(c)(3) defines "crime of violence" as "an offense that is *a felony* and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (emphasis added).

3

§ 111(b). *United States v. Hathaway*, 318 F.3d 1001, 1007–09 (10th Cir. 2003). Felony § 111(a) requires physical contact or intent to commit another felony. *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016). Felony § 111(b) requires, instead, use of "a deadly or dangerous weapon." 18 U.S.C. § 111(b). Mr. Chatwin was not charged with and did not admit to physical contact or intent to commit another felony. He *was* charged with and *did* admit to use of a deadly or dangerous weapon. Accordingly, the only § 111 felony whose elements Mr. Chatwin admitted to is § 111(b).

For these reasons, the only possible predicate offense for Mr. Chatwin's § 924(c) conviction was § 111(b), not § 111(a). And because § 111(a) was not the predicate offense for Mr. Chatwin's § 924(c) conviction, his argument that § 111(a) is not categorically a crime of violence provides no basis for relief from his § 924(c) conviction.[4]

## III.   THE ALLEGED PROCEDURAL ERROR DOES NOT MEET THE PLAIN ERROR STANDARD

We review an argument raised for the first time on appeal for plain error only. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). To show plain error, a party must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* All four prongs must be satisfied before we can exercise our discretion

---

[4] My colleagues suggest Mr. Chatwin might make new arguments on remand. But the burden on plain error review is Mr. Chatwin's, *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005), and the only argument he makes is that § 111(a) is not categorically a crime of violence.

4

to correct an error that was not timely raised. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997). The Government concedes error in light of our ruling in *United States v. Loumoli*, 13 F.4th 1006, 1009–10 (10th Cir. 2021), and does not dispute the second and fourth plain error prongs. The Government correctly argues the claimed error fails the third prong, and, as I explain below, the error also fails the fourth prong.

### A.      Prong Two: The Majority's Rationale is Insufficient

I would not reach the second plain error prong but, because my colleagues discuss it, I note my disagreement with their rationale. "An error is plain if it is clear or obvious under current, well-settled law." *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1252 (10th Cir. 2021) (internal quotation marks and citation omitted). "Plain" error has been called error so plain a court would be "derelict in countenancing it, even absent the defendant's timely assistance detecting it." *United States v. Frady*, 456 U.S. 152, 163 (1982). The error need not have been plain at the time of the district court's decision; "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson*, 520 U.S. at 468; *see also Gonzalez-Huerta*, 403 F.3d at 732.

The majority relies on the language of the waiver to conclude it covers only Mr. Chatwin's sentence and not his conviction. This shows error, but it does not show plainness. The waiver was open to a variety of reasonable interpretations, including the Government's reading of a nearly identical waiver in *Loumoli* as barring challenges to

both the sentence and the conviction.[5] Without identifying "clear, well-settled law" that requires us to accept the majority's interpretation instead of a reasonable alternative, the majority has not shown the error was plain.

Although I disagree with the majority's reasoning, I agree with its conclusion that the error is plain. *Loumoli* held that a waiver of the right to challenge a sentence does not waive the right to challenge a conviction, 13 F.4th at 1010, clearly showing the district court erred in finding Mr. Chatwin's appeal waiver to bar his challenge to his conviction.

The majority notes *Loumoli* was decided after the district court's decision in this case, but we judge the plainness of an error on direct appeal by the law in effect at the time of the appeal, not at the time of the district court's decision. *See Johnson*, 520 U.S. at 468; *Gonzalez-Huerta*, 403 F.3d at 732. The majority appears concerned that applying *Loumoli* would be inconsistent with the contrary rule that a party seeking collateral review does not receive the benefit of intervening law. But Mr. Chatwin does not point to *Loumoli* to argue he was erroneously denied habeas relief based on an error committed at trial or sentencing; rather, he points to *Loumoli* to show the district court erred in dismissing his case based on his appeal waiver during the habeas proceedings. Put another way, we are not performing collateral review of the trial court proceedings

---

[5] The language of these waivers tracks the language of 28 U.S.C. § 2255, which authorizes challenges to "sentences," not "convictions." Yet federal courts interpret § 2255 to allow challenges to convictions as well. *See United States v. Loumoli*, 13 F.4th 1006, 1010 (10th Cir. 2021) (citing *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019)).

resulting in Mr. Chatwin's sentence or conviction;[6] we are performing what the Supreme Court refers to as "direct review" of the district court's procedural decision in a habeas case. *Frady*, 456 U.S. at 166 n.15 (explaining that, although plain error is not an appropriate standard on collateral review, it may be applied "by a court of appeals on direct review of a district court's conduct of the § 2255 [proceedings]"). Therefore, we employ plain error as we would on direct appeal. *Id.* ("A court of appeals . . . could invoke the 'plain error' standard on direct review of a district court's conduct of a § 2255 hearing, if the court of appeals found a sufficiently egregious error in the § 2255 proceeding itself that had not been brought to the attention of the district court.").

Thus, I would conclude the error is plain based on our decision in *Loumoli*.

### B.    Prong Three: The Error Did Not Affect Substantial Rights

To satisfy the third prong of the plain error test, a defendant must "satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (internal quotation marks and citation omitted). The Supreme Court has advised that the standard we apply to the third prong of plain error review "should enforce the policies that underpin Rule 52(b) generally, to encourage timely objections and reduce wasteful reversals by demanding strenuous

---

[6] In the context of collateral review, the Supreme Court has explained that the review of an unpreserved trial error in habeas proceedings is governed by the rules of "cause and actual prejudice," not plain error. *United States v. Frady*, 456 U.S. 152, 166 (1982).

7

exertion to get relief for unpreserved error." *Id.* at 82 (citation omitted). Among the factors we may consider is whether the error invaded a constitutional right or merely violated a procedural rule. *Id.* at 83 ("[I]n this case, these reasons [for finding insufficient prejudice to meet third prong] are complemented by the fact, worth repeating, that the violation claimed was of Rule 11, not of due process.").

The majority finds the third prong satisfied because the district court did not have the opportunity to review the merits in the first instance. My colleagues do not specify which right of Mr. Chatwin this affected, nor do they explain why such a right was "substantial." They simply equate dismissal with prejudice. In my view, more is required. Sending this case back to the district court without requiring Mr. Chatwin to demonstrate harm beyond the procedural error itself does not encourage timely objections. Finding the third plain error prong met here also does not discourage wasteful reversals—because Mr. Chatwin's substantive claim is meritless as a matter of law, it is wasteful to remand for further proceedings in the district court. Complementing these observations is the fact that the claimed "plain error" is a mere procedural error as to the scope of an appeal waiver, not a constitutional error.

Although my colleagues are correct that *Puckett v. United States* is not perfectly on point, its analysis is instructive. 556 U.S. 129, 140–41 (2009). In *Puckett*, the Supreme Court evaluated a procedural error at sentencing under the plain error standard and explained:

> A plea breach does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence; it does not defy analysis by harmless-error standards by affecting the entire

8

> adjudicatory framework; and the difficulty of assessing the effect of the error *is no greater with respect to plea breaches at sentencing than with respect to other procedural errors at sentencing, which are routinely subject to harmlessness review.*

*Id.* at 141 (internal quotation marks and citations omitted) (emphasis added). The majority rejected the dissent's position that there is always an impairment of substantial rights under the third prong where a defendant is convicted "in the absence of trial or compliance with the terms of a plea agreement." *Id.* at 142. The Court explained:

> [T]hat is simply an *ipse dixit* recasting the conceded error—breach of the plea agreement—as the effect on substantial rights. Any trial error can be said to impair substantial rights if the harm is defined as "being convicted at a trial tainted with [fill-in-the-blank] error." Nor does the fact that there is a "protected liberty interest" at stake render this case different. That interest is always at stake in criminal cases. Eliminating the third plain-error prong through semantics makes a nullity of *Olano*'s instruction that a defendant normally "must make a specific showing of prejudice" in order to obtain relief.

*Id.* at 142 (quoting *Olano*, 507 U.S. 725, 735 (1993)). Thus, the majority firmly rejected the notion that prejudice can be shown merely from denial of proceedings free from the error.

As my colleagues point out, *Puckett* was a direct appeal from a criminal conviction, not an appeal from dismissal of a habeas motion. But the Supreme Court in *Frady* clarified that the standard on direct review of a procedural error made during collateral proceedings where the argument was not preserved is plain error, 456 U.S. at 166 n.15—the same as in *Puckett*. And *Puckett* supports the proposition that, on plain error review, remand is not required where correcting the procedural error would not change the substantive outcome. Our circuit precedent is the same. *See, e.g., United*

9

*States v. Chavez-Morales,* 894 F.3d 1206, 1216–17 (10th Cir. 2018) (holding plain procedural sentencing error failed prong three because it did not impact substantial rights); *United States v. Begaye,* 635 F.3d 456, 471 (10th Cir. 2011) (same); *United States v. Mendoza,* 543 F.3d 1186, 1194 (10th Cir. 2008) (same).

In adopting a rule that a procedural error resulting in dismissal of a habeas claim is *per se* prejudicial, my colleagues do exactly what *Puckett* admonished against. Any procedurally erroneous dismissal can be said to impair substantial rights if the harm is defined as the dismissal itself. That is not a "specific showing of prejudice" as required by *Olano* but an "*ipse dixit* recasting the [procedural error] as the effect on substantial rights." 556 U.S. at 142. This is a case in point. The argument for finding the third prong met here is at least as weak as in *Puckett* because, even if the procedural error is corrected, as a matter of law Mr. Chatwin will not be entitled to relief. His argument that the predicate offense for his § 924(c) conviction was § 111(a) is meritless. Thus, even if

10

the dismissal was procedurally erroneous, it did not affect his substantial rights.[7] This is not, as my colleagues suggest, an improper "rush to decide the merits"; it is straightforward third-prong plain error review.

I do not advocate a full merits determination on the third plain error prong in every case of arguable plain error. There are often factual questions to be resolved in the district court. *See, e.g.*, *United States v. Brown*, 640 F. App'x 752 (10th Cir. 2016) (unpublished) (McHugh, Circuit Judge) (finding third prong met where procedural error prevented the district court from reaching the merits *and* factual issues essential to resolving the merits needed to be developed on remand). It may also be that we are not well positioned to rule on the merits of some purely legal questions, whether because they have not been briefed or for other reasons. But where a claim has been briefed and is meritless as a matter of law, and no further factfinding by the district court could change that outcome, the procedural error was not prejudicial and therefore cannot meet the third plain error prong.

---

[7] Even under de novo review, we deny remand for procedural errors where there is no likelihood of success on the merits. *See, e.g.*, *United States v. Gonzalez-Fierro*, 949 F.3d 512, 522–24 (10th Cir. 2020) (explaining that to demonstrate prejudice from a procedural error in deportation proceedings the alien must show at least a reasonable probability that he would not have been deported in the absence of the error); *Anderson v. United Tel. Co. of Kan.*, 933 F.2d 1500, 1503–04 (10th Cir. 1991) (determining that even if district court procedurally erred in granting a judgment notwithstanding the verdict on grounds not presented with sufficient specificity, remand was unwarranted because the district court correctly analyzed the issue); *see also United States v. Luna*, 436 F.3d 312, 314–15, 321–23 (1st Cir. 2006) (holding that immigration judge's procedural error of refusing to consider the merits of an application for relief from deportation did not prejudice alien because he would not have prevailed on his arguments against deportation even had they been adjudicated). It is inconsistent with the varying difficulty imposed by our standards of review to remand on plain error where the appellant cannot, as a matter of law, succeed on the merits, but deny remand on de novo review.

11

Here, the indictment and the plea agreement conclusively resolve Mr. Chatwin's claim. The predicate offense for his conviction was not § 111(a). Nothing the district court might do will change that. Because there is no possibility Mr. Chatwin can prevail on his substantive claim, the procedural error did not affect his substantial rights and, in my view, this prong of plain error is unmet.

Nor am I persuaded by my colleagues' suggestion that we do not know what arguments Mr. Chatwin may raise in the district court. We know exactly what his argument is. In his proposed amended § 2255 motion, Mr. Chatwin argued that his § 924(c) conviction was predicated on § 111(a), and § 111(a) was not categorially a crime of violence. In his opening brief in this court, he tells us he will make the same argument on remand. Appellant's Br. at 9 n.2 ("[O]n remand, Mr. Chatwin will show that the § 924(c) conviction was actually based on § 111(a) . . . , which this court has held does not categorically require the use of violent force."). He devotes four pages of his appellate reply brief to this same argument. If Mr. Chatwin had other potentially meritorious arguments that might justify remand, the burden was his to present them to us. *Gonzalez-Huerta*, 403 F.3d at 733. He did not. Because Mr. Chatwin's only argument must fail, the district court's dismissal did not affect any substantial right and the third plain error prong is unmet.

12

**C.      Prong Four: The Error Was Not Egregious and Declining to Remand Would Not Result in a Miscarriage of Justice**

Even if the alleged procedural error satisfied the third plain error prong, it would

fail the fourth prong. We have said:

> Under the fourth prong of plain-error review, a court may exercise its discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. As such, *we will not notice a non-constitutional error, such as the one in the case before us, unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice.* This is a demanding standard[.]

*Gonzalez-Huerta*, 403 F.3d at 736–37 (internal quotation marks and citations omitted)

(emphasis added). We have previously noted that the Supreme Court "consistently

applie[s]" the fourth plain error prong "rigorously." *Id.* at 737 (citing *Johnson*, 520 U.S.

at 469–70). The appellant bears the burden of showing this standard is met. *Id.*

In *Gonzalez-Huerta*, we rejected the appellant's conclusory statement that "to

leave standing this sentence imposed under the mandatory guideline regime, we have no

doubt, is to place in jeopardy the fairness, integrity, or public reputation of judicial

proceedings," calling this "a far cry from establishing that a miscarriage of justice would

occur if we do not remand." *Id.* at 739. Rather, we held that the procedural error—

mandatory application of the Sentencing Guidelines—did not satisfy the fourth plain

error prong for several reasons. *Id.* at 737–39. First, although the rule had underpinnings

in the Sixth Amendment, the error itself did not violate any constitutional right. *Id.* at

738. Second, the appellant's sentence was within the national norm and there was no

record evidence to support a lower sentence. *Id.* at 738–39. Third, the error did not

13

jeopardize "basic notions of justice." *Id.* at 739. "[B]ased upon the culmination of these factors," we decided the error failed to satisfy the fourth plain error prong. *Id.* Notably, we concluded Prong Four was unmet *even if* the error had affected the appellant's substantial rights on the third prong. *Id.* at 736.

In *United States v. Mitchell*, we similarly declined to reverse for plain error where the claimed error was failure to apply the exclusionary rule, despite the rule's foundation in the Fourth Amendment. 783 F.2d 971, 978 (10th Cir. 1986). We reasoned:

> [U]nder the plain error inquiry, reversal is mandated only to correct particularly egregious errors, those errors that seriously effect [*sic*] the fairness, integrity or public reputation of judicial proceedings. . . . Although an individual has a personal privacy interest in the protections of the Fourth Amendment, *the exclusionary rule is a judicially created remedy rather than a personal constitutional right of the aggrieved individual. It is incumbent on an aggrieved party to raise the issue*. . . . The exclusionary rule is not, therefore, a constitutional matter that involves the plain error rule in all cases. To so hold would make superfluous the requirement of a pretrial motion to suppress.

*Id.* at 977–78 (internal quotation marks and citations omitted) (emphasis added).

My colleagues do not explain how Mr. Chatwin meets his burden on the fourth prong, stating simply, "Exercising our discretion, we conclude that the district court's error affected the fairness of the judicial proceedings." I would hold to the contrary that the error Mr. Chatwin alleges—enforcing the waiver beyond its scope—is not "particularly egregious." At the time of the district court's decision, we had not yet ruled that waiving challenges to a sentence does not also waive challenges to a conviction. *See Loumoli*, 13 F.4th 1006. Furthermore, as explained, the constitutional claim erroneously dismissed is meritless as a matter of law. If the errors in *Gonzalez-Huerta* or *Mitchell*

14

were not "particularly egregious" even where they were contrary to Supreme Court authority or had clear constitutional dimensions, the procedural error here was surely not egregious enough to overcome the responsibility of a party to first raise the issue in district court.

My colleagues also do not explain how declining to remand a meritless claim would result in a miscarriage of justice. It would not. "In considering the fourth prong, the seriousness of the error must be examined in the context of the case as a whole." *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1141 (10th Cir. 2017) (internal quotation marks omitted). I see no benefit in exercising our discretion to remand a case where the error resulted in a procedural deficiency on the way to the inevitable and proper denial of relief.[8] Thus, I conclude the claimed error fails to meet the fourth prong of our plain error standard.

For these reasons, I respectfully dissent.

---

[8] Conversely, I see significant benefit in "avoiding a remand to the district court for a detailed explanation of what is by now patently obvious." *Requena v. Roberts*, 893 F.3d 1195, 1206 (10th Cir. 2018).